## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In Re*: **J.G. Jr.**

**No. 12-1053** (Mercer County 11-JA-68)

**FILED**

**March 12, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

### MEMORANDUM DECISION

Petitioner Father's appeal, by counsel Thomas L. Fuda, arises from the Circuit Court of Mercer County, wherein his parental, custodial, and guardianship rights to the child were terminated by order entered on August 13, 2012. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William Bands, has filed its response. The guardian ad litem, John Earl Williams Jr., has filed a response on behalf of the child.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 4, 2011, the DHHR filed its initial abuse and neglect petition alleging, among other things, that the parents neglected the child by virtue of leaving him unsupervised and subjecting him to uninhabitable living conditions. The parents both stipulated to neglect at the adjudicatory hearing and were granted post-adjudicatory improvement periods. However, the DHHR eventually sought termination of parental rights, which the circuit court ordered at the dispositional hearing. On appeal, petitioner alleges that the circuit court erred in terminating his parental, custodial, and guardianship rights because the evidence supported choosing a less-restrictive disposition option. Petitioner argues that because of the child's special needs and a lack of a suitable adoptive placement, the circuit court should have terminated only his custodial rights and allowed petitioner to maintain a relationship with the child.

In response, both the DHHR and the guardian ad litem support termination of petitioner's parental, custodial, and guardianship rights. Both respondents argue that the evidence below established that petitioner never followed through with treatment, counseling, or obtaining employment, and continued to have issues with domestic violence. According to respondents, this evidence is sufficient to support termination of petitioner's parental, custodial, and guardianship rights.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental, custodial, and guardianship rights. The circuit court was presented with sufficient evidence upon which it found that that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and the termination of petitioner's parental, custodial, and guardianship rights is hereby affirmed.

Affirmed.

**ISSUED**: March 12, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II